UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES SPENCER,

                              Plaintiff,

           v.                                      6:03-CV-733
                                                        (FJS/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

**APPEARANCES**                               **OF COUNSEL**

**ERWIN, MCCANE & DALY**                 **THOMAS C. ERWIN, ESQ.**
23 Elk Street
Albany, New York 12207
Attorneys for Plaintiff

**OFFICE OF THE UNITED**                **WILLIAM H. PEASE, AUSA**
**STATES ATTORNEY**
James Hanley U.S. Courthouse &
Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**SOCIAL SECURITY ADMINISTRATION**    **DENNIS J. CANNING, ESQ.**
**OFFICE OF REGIONAL COUNSEL,**
**REGION II**
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

## II. BACKGROUND

Plaintiff filed this action on June 12, 2003, seeking judicial review of the Commissioner's final decision denying his claim for disability insurance benefits. *See* Dkt. No. 1. In a Report-Recommendation and Order dated August 22, 2007, Magistrate Judge Treece recommended that this Court vacate the Commissioner's decision and remand solely for the calculation of benefits pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 9. This Court adopted that Report-Recommendation and Order in its entirety, *see* Dkt. No. 10, and entered judgment in Plaintiff's favor, *see* Dkt. No. 11.

Plaintiff then filed the pending motion for attorney's fees pursuant to the EAJA, *see* Dkt. No. 12, to which Defendant filed an objection, *see* Dkt. No. 14. The following is the Court's written determination of that motion.

## III. DISCUSSION

Plaintiff seeks attorney's fees and costs in the total amount of $2,365.10, comprised of attorney's fees in the amount of $2,212.50 for 14.75 hours of work billed at an hourly rate of $150.00 and costs in the amount of $152.60 for filing fees and certified, return receipt mailings. *See* Affirmation of Thomas C. Erwin dated September 28, 2007, at ¶ 2 & Exhibit "A."

In support of his motion, Plaintiff contends that he is a prevailing party within the meaning of 28 U.S.C. § 2412(d)(1) and is, therefore, entitled to attorney's fees and costs. *See id.* at ¶ 6. Plaintiff also requests that the Court direct Defendant to pay the award of attorney's fees

and costs directly to his attorneys. *See id.* at ¶ 7.

Defendant does not contest the amount of Plaintiff's EAJA request. *See* Defendant's Memorandum of Law at 1. However, Defendant does oppose the motion "to the extent that [P]laintiff's counsel, Thomas C. Erwin, insists that this Court pay the EAJA fees directly to the Erwin, McCane law firm instead of [P]laintiff." *See id.* at 2. In support of this position, Defendant asserts that, "[b]y law, the fees belong to [P]laintiff because he is the prevailing party. Therefore, the fees must be paid directly to [P]laintiff." *See id.* (citing *Oquachuba v. INS*, 706 F.2d 93 (2d Cir. 1983); *Soto-Valentin v. Heckler*, 619 F. Supp. 627, 632 (E.D.N.Y. 1985); *Eustache v. Sec'y of Health & Human Servs.*, 601 F. Supp. 176, 178 (E.D.N.Y. 1985); *Tripodi v. Heckler*, 100 F.R.D. 736, 738 (E.D.N.Y. 1984)) (other citations omitted).

Prior to 2006 or 2007, Defendant's practice had been to remit an award of attorney's fees under the EAJA directly to the plaintiff's counsel. However, Defendant now takes the position that any EAJA award must be paid directly to the prevailing plaintiff and not to that plaintiff's counsel. Although the Second Circuit has not had the opportunity to address this change in position, the weight of authority appears to be contrary to Defendant's current position. *See Quade v. Barnhart*, 570 F. Supp. 2d 1164 (D. Ariz. 2008); *Garner v. Astrue*, No. 06-CV-769C, 2008 WL 2357409 (W.D.N.Y. June 4, 2008); *Stephens v. Astrue*, 539 F. Supp. 2d 802 (D. Md. 2008); *Vargas v. Comm'r of Soc. Sec.*, No. 07-3586, 2008 WL 699581 (D.N.J. Mar. 12, 2008); *Hagman v. Astrue*, 546 F. Supp. 2d 1294 (M.D. Fla. 2007).

The court's decision in *Garner* is directly on point. In that case, as in this one, the defendant did not contest the amount of the EAJA request; rather, the defendant only opposed the motion to the extent that the plaintiff's attorney sought to have the award paid directly to him.

*See Garner*, 2008 WL 2357409, at *1.  The court noted that this was a change in the defendant's position and that the change "appear[ed] to be motivated by the government's recent ability, under the Department of Treasury's Offset Program, to electronically track those persons owing federal debts and potentially to charge an offset against an EAJA attorney fee award paid directly to a prevailing claimant."  *Id.*

In support of his position, the defendant in *Garner* "contend[ed] that the plain language of the EAJA dictat[ed] that fee awards be made payable to the 'prevailing party' in the litigation."  *Id.*  To the contrary, the plaintiff relied upon the "Savings Provision" of the 1985 amendments to the EAJA to support his position that the attorney's fee award should be paid directly to his attorney.  *See id.*

> The Savings Provision provides, in pertinent part, that
>
>> [s]ection 206(b) of the Social Security Act . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code . . . Section 206(d)(2) of the Social Security Act . . . shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(d) of the Act . . . and section 2412(d) of title 28, United States Code . . ., the claimant's attorney refunds to the claimant the amount of the smaller fee.

Equal Access to Justice Act, Pub. L. 96-481, as amended by Publ. L. 99-80, 99 Stat. 186 (1985).

The plaintiff in *Garner* argued that this provision "contemplate[d] payment of the fee to the attorney and would be unnecessary if the award was paid directly to the claimant."  *Garner*, 2008 WL 2357409, at *1.  The court agreed that the Savings Provision suggested "a congressional understanding that the fee award is to be paid directly to the attorney."  *Id.*

The court further considered congressional intent and found that "it is apparent that one of

the purposes of the EAJA is to remove financial deterrents for those challenging unreasonable government action." *Id.* (citation omitted).  The court explained that

> [t]he practice of remitting the fee directly to the plaintiff would certainly discourage the representation by counsel of Social Security claimants, many of whom are burdened with debt as they wait for their cases to be resolved, as there would be no certainty that the fee would not be reduced by an offset.

*Id.*

In addition, the court found that "[t]he award of the fee to a prevailing claimant could also provide an unintended windfall to a plaintiff who may not object to a government offset in order to discharge a federal debt with funds intended for the attorney." *Id.*  The court concluded that "[n]ot only [would] this frustrate the remedial purposes of the statute, but [it would] place[] the attorney and client in the untenable position of competing for the attorney fee award." *Id.*

The *Garner* court went on to distinguish the very same cases that Defendant cites in support of his position in this case, finding that none of them directly addressed the issue.  *See id.* at *2.  Furthermore, the court acknowledged that the Tenth Circuit, the only Circuit Court to decide the exact same issue in a Social Security case, in *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007), had "found that the statutory language, legislative history, and case law dictate that an EAJA fee award is payable to the prevailing party, not his attorney." *Garner*, 2008 WL 2357409, at *2.  However, the court noted that, "in a recent comprehensive and well-reasoned decision, [*Stephens v. Astrue*, 539 F. Supp. 2d 802 (D. Md. 2008)], the District Court of Maryland [had] rejected the Tenth Circuit's decision in *Manning*." *Id.*

In *Stephens*, after reviewing the entire body of case law interpreting fee-shifting statutes, the court concluded that "[e]xamination of the legislative history of the EAJA and principles of

statutory construction support an interpretation of the EAJA that awards fees to counsel, rather than to the prevailing party, as most truly reflecting Congress' intent in enacting the statute."

*Stephens*, 539 F. Supp. 2d at 821.  As the *Garner* court noted,

> the District Court in *Stephens* found that the plain language of the EAJA did not clearly provide for payment of the fee to the plaintiff, given the Savings Provision.  Additionally, the court rejected the Tenth Circuit['s] analysis of the legislative intent of the EAJA insofar as the court found that the EAJA was enacted to benefit the claimant, not to ensure that payment to counsel.

*Garner*, 2008 WL 2357409, at *2.

> Finally, the *Garner* court noted that the *Stephens* court had
>
> examined judicial interpretations of other fee-shifting statutes and noted that courts have found that the fee award is payable to the attorney under the fee-shifting provisions of the Civil Rights Attorney's Fees Act of 1976, . . . the Internal Revenue Code, . . ., the Right to Financial Privacy Act, . . ., the Truth in Lending Act, . . ., the Civil Service Reform Act, . . ., the Fair Housing Act, . . ., the Fair Labor Standards Act, . . ., and the False Claims Act.

*Id.* (citing *Stephens*, [539 F. Supp. 2d] at 816-821 (and cases cited therein)).

The *Garner* court found these cases significant because "the Supreme Court has repeatedly stated that similar provisions in fee-shifting statutes should be construed consistently." *Id.* (citations omitted).

After reviewing all of the case law, the *Garner* court concluded that, although "the prevailing party has the right to demand attorney fees, it is the attorney who has the right to collect them." *Id.*  Finally, the court noted that, in its view, "the Commissioner has not presented a compelling basis upon which to overturn his long-standing practice of remitting the fee to the attorney, the intended recipient of any EAJA fee award."  *Id.* at *3.

The Court finds that the reasoning of the court in *Garner* is persuasive. Therefore, based on the *Garner* court's decision, as well as the comprehensive and well-reasoned decisions in *Stephens* and *Quade v. Barnhart*, 570 F. Supp. 2d 1164 (D. Ariz. 2008), the Court concludes that any award of attorney's fees under the EAJA should be paid directly to the claimant's attorney.

## IV. CONCLUSION

After thoroughly reviewing the parties' submissions and the applicable law and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees and costs under the EAJA is **GRANTED** in the amount of **$2,365.10**; and the Court further

**ORDERS** that Defendant pay this award directly to Plaintiff's attorney.

**IT IS SO ORDERED.**

Dated: April 15, 2009
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge